351 F.Supp. 147 (1971)
Sammie WALKER, Plaintiff,
v.
ABEX CORPORATION, a corporation, and C. T. Corporation System, Registered Agent, Defendants.
No. 70 C 374(2).
United States District Court, E. D. Missouri, E. D.
July 28, 1971.
Charles R. Oldham, St. Louis, Mo., for plaintiff.
Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER
REGAN, District Judge.
This is an action seeking relief under the Equal Employment Opportunity Act (Section 2000e, 42 U.S.C.). The complaint alleges that "defendant has intentionally engaged in unlawful employment practices by permitting continued acts of harassment against [plaintiff] because of his race and by denying him employment because of his race and because of his complaints against the defendant's discriminatory practices." Basically, the issue is whether plaintiff's discharge was the result of allegedly discriminatory racial practices on the part of defendant.
Defendant is a corporation engaged in an industry affecting commerce doing business in this judicial district. At all times here relevant, defendant employed more than 25 employees in each of 20 or more calendar weeks at its local plant. Plaintiff, a Negro, had been an employee of defendant for a number of years prior to his discharge on November 20, 1967. Arnold Price, defendant's foreman, a white man, was then plaintiff's immediate supervisor. Price was considered to be a hard taskmaster by the employees under his supervision, but treated all of them alike without discrimination, whatever their race or color.
On the occasion in question, plaintiff broke a grinding wheel and thereupon left his assigned place of work and went to the maintenance department some distance away for the purpose of finding a maintenance man to repair the grinding wheel. When Price became aware that plaintiff was absent from his grinding booth, he ordered plaintiff to return to his job. When plaintiff came back to his work area, Price directed him to get to work, employing crude language for *148 that purpose. However, we find that Price did not use any racially offensive words or epithets. Plaintiff walked away from Price, and when Price stopped him, plaintiff picked up a crowbar with which he struck Price on the head, knocking him unconscious. The injuries sustained by Price required his hospitalization. When the incident was reported to defendant's plant manager, plaintiff was sent home pending an investigation. On plaintiff's return, November 20, 1967, he was discharged for striking Price with the crowbar. Subsequently, plaintiff pleaded guilty to a criminal charge based on the assault and was placed on 2 years probation.
On November 14, 1967, and for several years prior thereto, defendant had a company policy to the effect that any employee who engaged in fighting or scuffling of any nature would be subject to immediate severe penalty. Plaintiff's position appears to be that although he may have been discharged for cause, defendant discriminated against him as a Negro by failing to discharge or otherwise discipline Price, a white man. We do not agree. We find that Price did not engage in fighting or scuffling or otherwise come within the purview of the foregoing company policy. We also find that the company had no policy of penalizing supervisory personnel for conduct such as that of Price.
In our opinion, defendant was not guilty of racial discrimination either against plaintiff or generally. At the time of plaintiff's discharge over 50 per cent of defendant's employees were Negroes, a percentage which had increased to approximately 75 per cent at the time of trial. And neither at the time of nor subsequent to the effective date of the Equal Employment Act of 1964 has defendant practiced a policy of racial discrimination in its restrooms, cafeteria or other facilities.
We hold that the sole cause for which defendant discharged plaintiff was his admittedly unlawful assault upon Price with a deadly weapon. The assault was wholly unjustified and fully warranted defendant's action. We find no language used by Price which constituted an act of racial discrimination. Plaintiff's discharge was neither precipitated nor motivated by any racial or other discriminatory employment practices on the part of defendant. Plaintiff is not entitled to any relief under the Act. This disposition of plaintiff's claim makes it unnecessary to rule defendant's claim that this Court has no jurisdiction over the subject matter.
The Clerk is directed to enter judgment in favor of defendant and against plaintiff.